Nοt Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-00056-JBC

DANIEL ANTHONY WEYMOUTH                                          PLAINTIFF

VS:                              **ORDER OF DISMISSAL**

JONATHAN LEE RICHES, et al.,                                     DEFENDANTS

* * * * *   * * * * *   * * * * *   * * * * *

Plaintiff Daniel Anthony Weymouth is confined in the Federal Medical Center in Lexington, Kentucky. He recently submitted three *pro se* complaints which the Clerk of the Court has docketed as initiating civil rights actions pursuant to 28 U.S.C. § 1331. In addition to the instant action, see *Weymouth v. Vonn*, 10-CV-057-JMH, and *Weymouth v. Vonn*, 10-CV-58-JMH, both of which were recently dismissed as delusional and frivolous.

In the instant complaint, the plaintiff has again asserted of a series of outlandish and far-fetched allegations against seventeen (17) defendants. The named defendants include the countries of the United States of America, "Myanmar Thailand," and Afghanistan; named individuals, from President Richard Nixon to Mexican President Felipe Calderon to Sarah Palin; and miscellaneous defendants such as the Pentagon Papers and the "Gulf Cartel." He demands $10,000,000.00 in damages from them jointly and severally.

Weymouth's allegations are clearly delusional. His statements include outrageous

assertions such as the following:  the United States conspired with Harong tribesmen in Northern Laos to manufacture highly addictive heroin from 1961 to 1975; for 15 years the United States government conspired with foreign governments and military leaders to import heroin into the United States; "[i]n November of 2004, the Saudi Arabian government used a brainwashing technique called Wahhabism on plaintiff attempting to turn him into a suicide bomber;" there was a 2006 meeting of Wahhabi agents, who "conspired to bomb the arctic icecaps in 2012 in order to speed up global warming;" and "[o]n January 19, 2010 plaintiff was placed in a mind control program called RDAP."

Under 28 U.S.C. § 1915A(b)(1), a district court is authorized to dismiss, summarily, a prisoner complaint that is frivolous or malicious.  *Id.  See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (a claim is factually frivolous if it alleges facts which are "clearly baseless, fanciful, fantastic, or delusional"); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (allowing *sua sponte* dismissal of a complaint where the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (same); and *Selvy v. Shabazz*, No. 02-72146, 2002 WL 31548614 at *1 (E.D. Mich., May 28, 2002) (same).

Weymouth's allegations are factually frivolous and amount to a waste of this Court's time and resources.  Therefore, this action will be dismissed.  Further, the dismissal will count as the third of Weymouth's dismissals for one of the reasons listed in the "Three Strikes" provision of 28 U.S.C. § 1915(g).  That statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

2

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Therefore, a prisoner meeting the statutory condition of having three prior actions dismissed for any of the reasons set out above, as Weymouth does now, may not be granted permission to proceed without prepayment of fees under § 1915, but must pay the fees in full at the time of filing the civil action or appeal. The only exception to this limitation is if the prisoner is under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Weymouth's Complaint is **DISMISSED**.

(2)     The dismissal of this proceeding will count as the third dismissal permitted the prisoner-plaintiff under the "Three Strikes" provision of 28 U.S.C. § 1915(g).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Signed on  March 3, 2010



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3